## William W. Taylor v. S. C. Harris.

1. NEW TRIALS—*Improper Remarks of Counsel.*—Where the remarks of counsel, on the final argument of a case, are highly improper and calculated to mislead and prejudice the jury against a party wrongfully, which counsel must have known, a verdict against such party should be set aside.

2. INSTRUCTIONS—*Error in, When Cured by a Remittitur.*—An error in an instruction upon the measure of damages may be cured by a remittitur.

Trespass, *de bonis asportatis.* Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 9, 1896.

BREWER & STRAW, attorneys for appellant.

W. L. SEELEY and TRAINOR, BROWNE & AYERS, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action in trespass *de bonis asportatis*, brought by appellee against appellant as sheriff, for levying upon and selling property claimed to be owned by appellee under an execution in favor of Dupee Bros. and against Allen F. Kelly. The case was twice tried, the first trial resulting in a disagreement of the jury, the second in a verdict for appellee for $992. The motion for a new trial was overruled and judgment rendered on the verdict, and appeal taken to this court.

Taylor v. Harris.

On June 6, 1896, appellee, by his attorneys, filed a remittitur in this court of $47, said sum being made up of $20 attorney's fees, testified to by appellee as having been paid out by him, and the balance, $27, rebate received from the railroad company on the amount he paid for the cars in which he loaded the goods.   Several causes are assigned for error, chief of which is that the evidence fails to support the verdict.

The appellee was a nephew of Allen F. Kelly, the defendant in the execution, who, it appears, was attempting to flee from his creditors, and who was attempting to ship the goods in question on board the cars from Illinois to Kansas.   It appears that Kelly had considerable money with him, about $2,500, besides $980 appellee claims to have paid him.   Kelly left secretly, without the knowledge of his neighbors, and loaded the property and stock upon the cars in the night time, so that he would not be seen at a station east of his usual trading point.

The evidence tends strongly to show that appellee Harris was assisting him (Kelly) in the attempt to get away without paying his debts.   The appellee made contradictory statements as to how much money he had on the first trial and on the second trial.   His evidence was contradictory throughout.   The evidence tended strongly to show that the pretended payment by appellee to Kelly, for the goods in suit, was a sham and not a *bona fide* purchase, and that the passing of money between appellee and Kelly was merely colorable, to cover a fraudulent transaction.   There appears also to have been no change of possession.

The instruction for plaintiff, No. 3, is complained of on the ground that the measure of damages was erroneous, but that seems to have been substantially cured by the remittitur.   We think that the evidence fails to support the verdict, which was probably brought about by improper statements of the appellee's attorneys in their closing argument before the jury.   They stated that the DuPee Bros., who were the real parties in interest in the suit, were millionaires, and owned nearly all the land in that

part of the county and had their millions, and that they would not notice or feel the payment of any judgment that the jury might render in the case; that the plaintiff in the case was a poor man, and if the jury rendered a verdict against him it would deprive him of all his accumulations and hard earnings and would practically turn him and his family out upon the road without anything; that J. A. DuPee and Ralph O. DuPee were hard and oppressive men, and had been so hard and oppressive in their usage of Allen F. Kelly that he could no longer continue to farm their land.

The above improper remarks were objected to and excepted to at the time by counsel for appellant, but the court made no ruling thereon.

Such remarks were highly improper and well calculated to mislead and prejudice the jury against appellant, wrongfully, which counsel, making them, must have known.

Remarks of this kind have often been condemned by the courts. Chicago City Railway Company v. Barron, 57 Ill. App. 469; Brown v. Swineford, 44 Wis. 282; McDonald v. The People, 126 Ill. 150; Quinn v. The People, 123 Ill. 333.

Taking into consideration the weakness of appellee's evidence, and the improper remarks above referred to, we think the judgment should be reversed.

The judgment is therefore reversed and the cause remanded.